# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Katherine Anne Krikorian,                          Civ. No. 09-59 (RHK/JJK)

               Petitioner,

v.                                                 **REPORT AND
                                                   RECOMMENDATION**

Warden Tracy Beltze,

               Respondent.

Katherine Anne Krikorian, # 203635, MCF, 1010 W. 6th Ave., Shakopee, MN 55379, *pro se*.

Charles C. Glasrud, Esq., Glasrud & Economou, P.A., counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge.

     This matter is before the Court on Petitioner Katherine Anne Krikorian's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Doc No. 1, Pet.). The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons discussed below, this Court recommends that the Petition be denied and this action be dismissed with prejudice.

## BACKGROUND

     This case arises out of Petitioner's conviction for Criminal Sexual Conduct in the first degree in violation of Minn. Stat. § 609.342, Subd. 1(h)(iii). (Pet 1.) Petitioner's first trial ended in mistrial after defense counsel "made improper

comments during his opening statement." *State v. Krikorian*, No. A06-1530, 2008 WL 68841, at *1 (Minn. Ct. App. Jan. 8, 2008).  After a second trial, Petitioner was convicted on two counts of first-degree criminal sexual conduct, one count for abuse of her son, C.F., and one count for abuse of her daughter, D.F.  *Id.*

In January 2008, the Minnesota Court of Appeals affirmed Petitioner's conviction in part, reversed in part, and remanded the case to the district court for resentencing.  *Id.*  The court of appeals held that Minnesota's statute of limitations for criminal sexual conduct offenses precluded prosecution for abuse of C.F., and reversed Petitioner's conviction for that count.  The court further concluded that the statute of limitations did not preclude prosecution for abuse of D.F.  *Id.* at *2-5.  As to the count for abuse of D.F., the court held that conducting a second trial following the initial mistrial did not violate Petitioner's Double Jeopardy rights.  *Id.* at *5-7.  The court also held that the prosecutor did not commit misconduct by explaining, during closing argument, that D.F. did not testify because her psychologist said she would be unable to accurately and reliably testify.  *Id.* at *7-8.  The court also found there was no prosecutorial misconduct in closing argument.  *Krikorian*, 2008 WL 68841, at *9-10.

The Minnesota Court of Appeals also considered whether the trial court erred by excluding evidence that C.F. was abused by his uncle, and whether the exclusion violated Petitioner's right to present a complete defense.  *Id.* at *10-12. The court upheld the evidentiary ruling under Minn. R. Evid. 412, and held that

the exclusion of evidence of C.F.'s abuse by his uncle under the rape-shield law did not violate Petitioner's right to present a complete defense.  *Id.*

The court of appeals addressed four claims brought by Petitioner in a *pro se* supplemental brief.  *Id.* at *12-14.  The court denied Petitioner's claims of insufficient evidence, violation of due process by pre-charging delay, and involuntary confession.  *Id.*  The court further concluded that Petitioner's sentencing claim was moot in light of the decision to remand the case for resentencing on other grounds.  *Id.* at *14.

On March 26, 2008, the Minnesota Supreme Court denied further review. *State v. Krikorian*, No. A06-1530 (Minn. Mar. 26, 2008) (order denying petition for further review), http://macsnc.courts.state.mn.us/pubdocs/SC/Storage/ ORA061530-0326.pdf.  On January 13, 2009, Petitioner filed the instant Petition in which she seeks habeas relief for the following reasons: (1) Petitioner's prosecution was barred by the statute of limitations ("Claim One"); (2) Petitioner's prosecution violated the constitutional protection against double jeopardy ("Claim Two"); (3) Petitioner's prosecution violated her right to confront her accusers and her right to present a complete defense ("Claim Three"); (4) Petitioner is innocent of the crime for which she was convicted ("Claim Four"); (5) pre-charging delay in Petitioner's prosecution violated her right to due process of law ("Claim Five"); (6) prejudicial error was committed when, during closing argument, the prosecutor commented on the reason D.F. did not appear as a witness ("Claim Six"); and (7) the prosecutor committed misconduct in

closing argument by vouching for the credibility of witnesses and inflaming the passions of the jury ("Claim Seven").

Respondent opposes each claim for relief. (*See generally* Doc. No. 6, Resp't's Mem. in Opp. to Pet. for Writ of Habeas Corpus ("Resp't's Mem.").) Respondent contends that Petitioner's claims, with the exception of Claims Two and Three, are procedurally barred because she failed to present the federal nature of her claims to the Minnesota appellate courts. Respondent further contends that all of Petitioner's claims fail on the merits.

## DISCUSSION

**I. Claims Four, Five, Six, and Seven Should Be Dismissed With Prejudice Because They Are Procedurally Defaulted.**

Respondent first argues that Claims Five, Six, and Seven are procedurally barred from habeas review because Petitioner failed to alert the Minnesota courts to any federal nature of those claims. (Resp't's Mem. 8.) Petitioner insists that these claims are not procedurally barred because she addressed these claims to the Minnesota Court of Appeals and the Minnesota Supreme Court and has "used all of [her] state options." (Doc. No. 11, Pet'r's Resp. to Resp't's Ans. to Pet. for Writ of Habeas Corpus ("Pet'r's Resp.") 2.)[1] The parties' positions raise the issue of procedural default.

---

[1]  Petitioner also asks this Court to ignore Respondent's Memorandum because it was filed late. (Pet'r's Resp. 1.) On January 14, 2009, this Court issued an Order directing Respondent to file an answer to the Petition within 30 days. (Doc. No. 4.) Respondent filed an Answer in Opposition to Petition for
(Footnote Continued on Following Page)

**A.     Procedural Default Standard**

"A claim is procedurally defaulted if not fairly presented in state court before raising it in federal court." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (citing *Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996)).  The federal nature of the claim must be fairly presented in state court by reference to a specific federal constitutional right, a federal case, or a state case, which raises a pertinent federal constitutional issue.  *Id.*  "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."  *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999).

A claim can be procedurally defaulted if it is not fairly presented to the state court and can no longer be reviewed by the state court because of the state's procedural rules.  *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (noting that failure to pursue federal claims on direct appeal in state court precluded federal habeas review of merits); *see also Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995) ("If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default.").  The state's procedural rule, on which a claim of default rests, must be firmly established and regularly followed.  *Oxford*

_____

(Footnote Continued from Previous Page)
Writ of Habeas Corpus (Doc. No. 5), and a supporting memorandum (Doc. No. 6), on February 17, 2009.  Petitioner is correct that Respondent's response was filed late.  However, based on the record, this Court discerns no undue prejudice to Petitioner from this Court considering Respondent's submissions.

*v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995).  Minnesota's *Knaffla* rule is a state procedural rule that is firmly established and regularly followed and prohibits certain claims from being raised in a petition for post-conviction relief.  *See Carney v. Fabian*, 441 F. Supp. 2d 1014, 1027 (D. Minn. 2006) (describing the *Knaffla* rule as "well-established").  The *Knaffla* rule states that "[o]nce a [defendant] has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief." *Cooper v. State*, 745 N.W.2d 188, 190-91 (Minn. 2008) (quoting *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)).[2]

If a claim is procedurally defaulted because a state procedural rule would prevent a state court from hearing the claim, a habeas petitioner can overcome that procedural bar only by showing (1) cause and prejudice, or (2) actual innocence, otherwise known as the fundamental-miscarriage-of-justice exception.  *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002).  The fundamental-miscarriage-of-justice exception is only available when a petitioner demonstrates "that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  McCall, 114 F.3d at 758 (quoting *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995)).  To show prejudice a

_____

[2]    Under Minnesota law, the *Knaffla* rule does not bar review of claims if "(1) a claim is so novel that the legal basis was not available on direct appeal, or (2) the interests of justice require review."  *Perry v. State*, 731 N.W.2d 143, 146 (Minn. 2007).

habeas petitioner must demonstrate "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

This Court must, therefore, determine whether Petitioner fairly presented the federal nature of her claims during the state appellate review process and, if not, whether Petitioner would be prevented from raising those claims in state court by a state procedural rule. If Petitioner failed to fairly present the federal nature of her claims in state court and she could not raise those claims in state court now, then this Court can only address the merits of her claims if the she can show cause and prejudice, or has a sufficient claim of actual innocence.

### B.    Analysis

#### 1.    Claims Five, Six, and Seven

In Claim Five, Petitioner asserts that her conviction violated her right to due process based on pre-charging delay. In Claims Six and Seven, Petitioner asserts error based on comments made by the prosecutor during closing argument and based on testimony elicited regarding a non-appearing witness. (Pet. 7.) Petitioner raised these claims during the appellate review process to the Minnesota Court of Appeals. (Doc. No. 15, Pet'r's Appellant's Pro Se Supplemental Br. ("Pet'r's Pro Se Br.") 13-15 (discussing issues of intentional pre-charging delay (the basis for Claim Five)); Doc. No. 14, Pet'r's Appellant's Br. ("Pet'r's Appellant's Br.") 25-26 (discussing issues relating to prosecutor's statements during closing argument (the basis for Claim Seven)); Pet'r's Appellant's Br. 37-41 (discussing prosecutor's eliciting testimony regarding a

non-appearing witness (the basis for Claim Six)).) Petitioner also presented issues of pre-charging delay and prosecutorial misconduct, which form the basis of Claims Six and Seven, to the Minnesota Supreme Court in her petition for further review of the Minnesota Court of Appeals' decision. (Doc. No. 13, Corrected Pet. for Review of Decision of Ct. of Appeals ("Pet. for Review") 2-3 (raising issues regarding prosecutor's eliciting testimony about non-appearing witness and comments made during closing statement).) Petitioner, however, did not raise the issue of pre-charging delay, which forms the basis of Claim Five, in her petition for further review.

Although Petitioner raised these claims during the state appellate process, she did not alert the court to the federal nature of these claims by reference to a specific federal constitutional right, a federal case, or a state case raising a pertinent federal constitutional issue. For instance, with respect to pre-charging delay, Petitioner cited no federal constitutional right, no federal case, or state case raising a federal constitutional issue. (*See* Pet'r's Pro Se Br. 13-15.)[3] Nor did Petitioner refer to any federal constitutional right, federal case, or state case raising a federal constitutional issue regarding improperly eliciting testimony or prosecutorial misconduct. (*See* Pet'r's Appellant's Br. 25-26 (discussing state cases that did not raise a federal constitutional issue concerning a prosecutor's

---

[3]     In addition to defaulting on Claim Five by failing to raise the federal nature of her assertion that she was the victim of intentional pre-charge delay, Petitioner also procedurally defaulted on Claim Five because she failed to raise the issue in her petition for further review to the Minnesota Supreme Court.

eliciting testimony about the reason a witness did not testify); *see id.* 37-41

(discussing state cases that did not raise a federal constitutional issue with

respect to the issue of prosecutorial misconduct by inflaming jurors' passions and

commenting on witness credibility).)

Further, the *Knaffla* rule would prohibit Petitioner from raising the federal

nature of these claims in any post-conviction petition because the claims were

known, or should have been known, and were not raised at the time of her direct

appeal.[4]  *See Cooper*, 745 N.W.2d at 190-91.  Because Petitioner failed to

present the federal nature of Claims Five, Six, and Seven during the state

appellate review process, and the *Knaffla* rule would prevent the Minnesota

courts from hearing these claims now, these claims are procedurally defaulted.

### 2.    Claim Four

In Claim Four of the Petition, Petitioner asserts a claim that she is

"innocent."  (Pet. 5.)  It appears that this claim was intended either as an

insufficiency-of-the-evidence claim, or as a reason to excuse procedural default.

Liberally construing the Petition, this Court will address it under both possible

theories, addressing the insufficiency-of-the-evidence claim first.[5]  Petitioner

---

[4]    Neither of the *Knaffla* exceptions applies to Petitioner's Claims Five, Six, and Seven because the claims' legal bases were available at the time of direct appeal and nothing indicates that the interests-of-justice exception would be triggered here.  *See Perry*, 731 N.W.2d at 144.

[5]    This Court addresses the theory that Claim Four is intended as an argument that procedural default is excused *infra* at Part I.B.3.

raised the issue of insufficiency of the evidence without asserting the federal
nature of the claims in her *pro se* supplemental brief to the Minnesota Court of
Appeals. (Pet'r's Pro Se Br. 9-12.) As with Claims Five, Six, and Seven,
Petitioner could have alerted the state court to the federal nature of Claim Four
simply by referring to a specific federal constitutional right, a federal case, or a
state case, which raises a pertinent federal constitutional issue. However, she
failed to do so. Further, Petitioner neglected to raise these claims at all in her
petition for review with the Minnesota Supreme Court. The state courts would
undoubtedly find these claims procedurally barred under the *Knaffla* rule, if raised
in a post conviction petition. *See Fraction v. Minnesota*, Civ. No. 07-3777
(DSD/JSM), 2008 WL 5191859, *6-7 (D. Minn. Dec. 11, 2008) (petitioner could
have raised federal constitutional claims related to insufficiency of the evidence
in state court); *see also Shliemann v. Fabian*, Civ. No. 06-1103 (JNE/SRN), 2007
WL 495007, *4 n.2. (D. Minn. Feb. 13, 2007) (finding procedural default where
claim involved well settled law and petitioner failed to bring federal claim to
Minnesota Supreme Court). Claim Four is, therefore, also procedurally
defaulted.

### 3. Excuse for Default

Having concluded that Claims Four, Five, Six, and Seven are procedurally
defaulted, this Court can only address the merits of these claims if Petitioner has
shown cause and prejudice, or has a sufficient claim of actual innocence.
Petitioner has not asserted cause and prejudice to excuse procedural default.

She has, however, arguably asserted actual innocence as an excuse for default in Claim Four. The legal standard for actual innocence requires Petitioner to present new reliable evidence that was not presented at trial, and that "it is more likely than not that no reasonable juror would have convicted him [or her] in the light of the new evidence." *Whitmore v. Avery*, 63 F.3d 688, 689-90 (8th Cir. 1995) (citing *Schlup*, 513 U.S. at 322-23, 327).

First, Petitioner did not present any new evidence in support of her innocence claim. Second, upon review of the trial record,[6] the inconsistencies in testimony of which Petitioner complains were brought before the jury, and reasonable explanations for the inconsistencies were pointed out by the prosecutor. Under these circumstances, Petitioner has not established that it is more likely than not that no reasonable juror would have convicted based on these inconsistencies.

Petitioner also has not shown that it is more likely than not that no reasonable juror would have convicted her if she had been given the opportunity to cross-examine C.F. on whether he was abused by his uncle, or questioned whether his allegations against Petitioner were the result of anger at her for that abuse.[7] C.F. testified that the abuse by his mother occurred frequently over a

---

[6] The trial transcript is an exhibit to Petitioner's Response to Respondent's Answer to Petition for Writ of Habeas Corpus. (Doc. No. 11, Attach. 1.)

[7] Petitioner appears to have referenced the fact that she was unable to cross-examine C.F. as part of her actual-innocence argument. (Pet'r's Resp. 5.)

period of years until she gave up her parental rights. A reasonable juror could conclude that C.F. was credible in his testimony about how and when the abuse occurred, and in identifying his mother as the person who abused him and his sister, in the manner he described. Thus, Petitioner has failed to establish actual innocence to excuse procedural default.

For the foregoing reasons, this Court recommends that Claims Four, Five, Six, and Seven be dismissed with prejudice because they are procedurally defaulted claims.

## II.    Claim One Should Be Dismissed With Prejudice Because It Does Not State a Federal Claim.

In Claim One, Petitioner asserts that her "prosecution in this case was barred by the statute of limitations," and thus her continued confinement pursuant to her conviction is "wrong-illegal." (Pet. 5.) However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner explains the basis of Claim One as follows: "the trial court wrongly applied the statute of limitation [and] [t]he court of appeals has also wrongly applied the statute by reversing one conviction but not both convictions which are intertwined." (Pet. 5.) As this explanation makes clear, Claim One asserts that Petitioner's conviction violated a provision of state law, i.e. the state's statute of limitations for criminal

sexual conduct offenses. Indeed, Petitioner made the very same argument based entirely on state law during the appellate review process. (Pet'r's Appellant's Br. 13-18; Pet. for Review 4-7.) Because Claim One does not assert that Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" *see* 28 U.S.C. § 2254(a), Claim One should be dismissed. *See Estelle*, 502 U.S. at 67 (noting that "'federal habeas corpus relief does not lie for errors of state law'").

**III.  Claims Two and Three Should Be Dismissed With Prejudice Because Petitioner Has Not Shown That the State Court Unreasonably Applied Clearly Established Federal Law As Determined By the United States Supreme Court.**

Respondent does not argue that Claims Two and Three are procedurally defaulted. (Resp't's Mem. 8 and 8 n.2.) Assuming without deciding that these claims were not procedurally defaulted, this Court will address the merits of these claims. In Claim Two, Petitioner asserts that her conviction was "obtained by a violation of the protection against double jeopardy." (Pet. 5.) In Claim Three, Petitioner asserts that her constitutional rights to confront the witnesses against her and present a complete defense were violated. (Pet. 6.)

**A.  Standard of Review**

Petitioner has the difficult task of showing that she is entitled to habeas relief under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 2254 of the AEDPA provides that a district court will entertain a petition for writ of habeas corpus submitted by a person in custody

pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 further provides that a habeas corpus petition:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). Here, Petitioner must prove that when the state court adjudicated her claims, its decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Eighth Circuit has described the review under § 2254(d)(1) as follows:

> A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or if it "confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrived at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

A federal court may not issue the writ simply because it "concludes
in its independent judgment that the relevant state-court decision
applied clearly established federal law erroneously or incorrectly.
Rather, that application must also be unreasonable." *Id.* at 411.

*Engesser v. Dooley*, 457 F.3d 731, 735-36 (8th Cir. 2006). Under this standard,

the federal court "must deny a writ—even if we disagree with the state court's

decision—so long as that decision is reasonable in view of all the

circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (*citing Williams*,

529 U.S. at 409-13).

### B. Analysis

#### 1. Claim Two

The Minnesota Court of Appeals addressed Petitioner's double-jeopardy

claim that forms the basis of Claim Two, and described the circumstances

surrounding the mistrial at Petitioner's initial trial. The Court explained that in

opening statements, defense counsel referred to evidence that C.F. had been

abused by his uncle. *Krikorian*, 2008 WL 68841, at *5. The prosecutor objected

and moved for a mistrial on the basis that the defense had not brought a motion

under Minn. R. of Evid. 412, the rape-shield law, to admit such evidence. *Id.*[8]

---

[8] Minnesota Rule of Evidence 412, subdivision 1, provides in relevant part:

In a prosecution for acts of criminal sexual conduct . . . evidence of a
victim's previous sexual conduct shall not be admitted nor shall any
reference of such conduct be made in the presence of the jury,
except by court order under the procedure provided in rule 412.

(Footnote Continued on Following Page)

In addressing the double-jeopardy claim, the Minnesota Court of Appeals stated:

> the district court concluded that the evidence that appellant desired to introduce "could satisfy the definition of prior sexual conduct which therefore would trigger a Rule 412 motion and because that wasn't done procedurally, . . . that's the basis for the granting of the mistrial." Before her retrial, appellant moved to preclude the prosecution as a violation of double jeopardy, claiming that no manifest necessity justified the granting of the mistrial over her objection. The district court denied the motion in a subsequent order that further explained its decision to declare a mistrial.

*Krikorian*, 2008 WL 68841, at *5. The Minnesota Court of Appeals recognized that when a mistrial is declared over a defendant's objection, the defendant may not be retried unless a manifest necessity justified the mistrial or the ends of public justice would otherwise be defeated. *Id.* The court looked to the United States Supreme Court case, *Arizona v. Washington*, 434 U.S. 497, 510 (1978), for guidance. *Krikorian*, 2008 WL 68841, at *6.

In *Washington*, the Supreme Court noted that the constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal, and the double-jeopardy protection also embraces the "valued right" to have a trial completed by a particular tribunal. *Washington*, 434 U.S. at 503. The Court also noted, however, that when a trial ends other than in acquittal or conviction, retrial is not automatically barred because there is a "public interest in affording the prosecutor one full and fair opportunity to present his evidence to an

(Footnote Continued from Previous Page)
Minn. R. Evid. 412(1).

16

impartial jury." *Id.* at 505. With the facts before it, the Supreme Court noted that some trial judges might have given cautionary instructions and proceeded to trial, and "in a strict, literal sense, the mistrial was not 'necessary.'" *Id.* at 511. The Court concluded, "[n]evertheless, the overriding interest in the even-handed administration of justice requires that we accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by the improper comment." *Id.* The Court recognized that in instances of improper opening statements, a trial judge may instruct the jury to disregard the improper comment, or even remove counsel from trial, but those actions will not necessarily remove the risk of bias caused by the improper comment. *Id.* at 513.

The Minnesota Court of Appeals noted that based on *Washington*, appellate courts must "give 'special respect' to a decision to grant a mistrial based on an attorney's improper remark made during an opening statement because the remark's impact is not easily assessed on review." *Id.* (quoting *Washington*, 434 U.S. at 510). The court of appeals noted that in *Washington*, the decision to grant a mistrial was upheld, notwithstanding the district court's failure to articulate on the record all of the factors relied on in making its decision, because the reasons for the mistrial were adequately disclosed by the record. *Id.* Applying *Washington* to the facts before it in Petitioner's case, the Minnesota Court of Appeals concluded as follows:

Given the "special respect[]" . . . due a district court's decision to grant a mistrial based on improper remarks made during an opening statement and the record's reflection of deliberation by all parties on the propriety of declaring the mistrial, we cannot say the district court abused its discretion in determining that a manifest necessity justified a mistrial. . .

*Id.* (citations omitted). Petitioner contends, however, that many options less drastic than mistrial were available to address defense counsel's remarks about C.F. being abused by his uncle. (Pet'r's Resp. 6.)

The issue, on habeas review, is whether the Minnesota Court of Appeals decision was contrary to or involved an unreasonable application of clearly established federal law—here, the Supreme Court's decision in *Washington*. This Court concludes that consistent with the clearly established federal law as determined by the Supreme Court in *Washington*, the Minnesota Court of Appeals accorded a special respect for the trial court's decision to grant a mistrial. *See Krikorian*, 2008 WL 68841, at *7. Although it is true that other alternatives to mistrial may have been available, the trial court adequately disclosed its reasoning in finding the alternatives unsatisfactory. *See id.* (discussing the district court's explanation in its order granting a mistrial in Petitioner's first trial). Under these circumstances, the Minnesota Court of Appeals did not unreasonably apply clearly established federal law. Therefore, Claim Two should be dismissed with prejudice.

### 2.	Claim Three

With respect to Claim Three in the Petition, the issue before this Court is whether the Minnesota Court of Appeals unreasonably applied clearly established federal law as determined by the Supreme Court with regard to Petitioner's claim that she was denied her right to present a complete defense. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment . . . or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, . . . the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (citations omitted). "This right is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." *Holmes v. S.C.*, 547 U.S. 319, 324 (2006) (internal quotations and alterations omitted).

The Minnesota Court of Appeals addressed Petitioner's argument that her right to present a complete defense, which forms the basis of Claim Three in the Petition, was violated because she was precluded from offering evidence of C.F.'s prior abuse by an uncle as C.F.'s source of sexual knowledge. *Krikorian*, 2008 WL 68841, at *12. She also argued she had a right to cross examine C.F. on whether he fabricated the allegations of abuse against her in anger because his uncle abused him. *Id.* at *12 n.4.

The Minnesota Court of Appeals recognized that the right to present a complete defense is constitutionally protected, but it is not unlimited because a

defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* at *11 (quoting *State v. Richards*, 495 N.W.2d 187, 195 (Minn. 1992) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). It held that the trial court did not abuse its discretion because it carefully tailored the circumstances upon which defendant could introduce the evidence, that is if it became relevant to rebut evidence that "[Petitioner] was C.F.'s source of sexual knowledge." *Id.* at *12.

This Court concludes that the Minnesota Court of Appeals did not unreasonably apply clearly established federal law by upholding the trial court's ruling about the circumstances under which the victim's sexual history would be admissible. The evidence was excluded pursuant to Minnesota's rape-shield law, thus, it was not arbitrary. *See Holmes*, 547 U.S. at 324. Exclusion of the evidence was not disproportionate to the interest of keeping irrelevant evidence of a victim's prior sexual history from the jury because the trial court's ruling allowed the evidence to come in if it became relevant to the victim's source of sexual knowledge. *See id.* Therefore, this Court recommends that Claim Three of the Petition be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody (Doc No. 1), be **DENIED**; and

2.    This action be **DISMISSED WITH PREJUDICE**.


Date: July 23, 2009

                                                    _s/ Jeffrey J. Keyes_____
                                                    JEFFREY J. KEYES
                                                    United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**August 10, 2009**, a writing which specifically identifies those portions of this
Report to which objections are made and the basis of those objections.  Failure
to comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within ten days after service thereof.  All briefs filed under
this rule shall be limited to 3500 words.  A judge shall make a de novo
determination of those portions to which objection is made.  This Report and
Recommendation does not constitute an order or judgment of the District Court,
and it is therefore not appealable to the Circuit Court of Appeals.